United States District Court
Northern District of California

|   |   |
|---|---|
| LOVE,<br><br>　　　　　Appellant,<br><br>　　v.<br><br>WISEMAN et al.,<br><br>　　　　　Appellees. | Case No.  5:15-cv-03884-BLF<br><br>**ORDER AFFIRMING BANKRUPTCY COURT'S RULINGS ON (1) MOTION TO DETERMINE SECURED STATUS OF CLAIM; (2) MOTION TO DISMISS; (3) MOTION FOR RECONSIDERATION**<br><br>[Re:  ECF 13] |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

Four years ago, Appellant Lee Ann Love allegedly entered into an agreement with her then-in-laws, Johnny and Vicki Wiseman: she would pay them money, and they would train and employ her in their framing business.  The long term plan was for the Wisemans to sell their property and part of the business to Love.  The agreement went south, however, and the Wisemans filed for bankruptcy.  Seeking to clarify and protect any interests stemming from the agreement, Love filed an adversary proceeding against the Wisemans, the Wiseman Family Trust 2002 ("Family Trust"), bankruptcy trustee Marc Del Piero, and other entities in the Bankruptcy Court. The Bankruptcy Court ruled that Love held only an unsecured claim in the real property covered by the agreement; dismissed Love's claims against Del Piero with prejudice; and denied Love's motion for reconsideration of both those rulings.  Love now appeals the Bankruptcy Court's three orders to this Court.[1]  All three orders are AFFIRMED.

I.     BACKGROUND

Love alleges that in March 2012, she entered into a partnership agreement with the Wisemans and Javea Corporation, a California corporation created by the Wisemans.  *See* Second

---

[1] In her opening brief, Love states that this appeal is against both the Wisemans and del Piero. The Wisemans did not file an answering brief in this appeal.  The Bankruptcy Court orders which Love is appealing, however, relate only to del Piero and do not implicate Love's adversary proceeding claims against the Wisemans.  *See infra* at 10.

Amended Adversary Proceeding Complaint ¶¶ 5, 8, ECF 3-11 ("SAC"). According to Love, she paid the Wisemans $75,000, and in return, they were to sell Javea and its framing business (minus one part of the business, Max Wholesalers) to her, train and employ her in the framing business, and issue her 33% of Javea's stock. *See id.* ¶ 8. A few months later, Love, the Wisemans, Javea, and the Family Trust revised the partnership agreement. *See id.* ¶ 9. Under the revised agreement, Love paid $100,000 to the Wisemans, and in return, they were to sell Javea and its framing business (minus Max Wholesalers) to her, sell the real property located at 663 Lighthouse Ave., Monterey, CA to her, train and employ her in the framing business, and issue her 25% of Javea's stock. *See id.* Love alleges that she paid the $100,000 to the Wisemans and her training and employment began. *See id.* Around Aug. 1, 2012, however, the Wisemans fired Love and stopped her training, and the Family Trust, which owned the Lighthouse Ave. property, tried to sell the property to another entity without Love's consent. *See id.*

In December 2012, Love sued the Wisemans, the Family Trust, and Javea in Monterey County Superior Court, and recorded a lis pendens on the Lighthouse Ave. property. *See id.* ¶¶ 12, 22. The Wisemans filed for Chapter 7 bankruptcy, however, and so the case was stayed as to them and the Family Trust. *See id.* ¶¶ 9, 12. Love obtained a judgment of $134,359.13 against Javea. *See id.* ¶ 13.

In May 2014, Love filed an adversary proceeding complaint in Bankruptcy Court. *See* Adversary Proceeding Complaint, ECF 3-6. The SAC is the current iteration of Love's adversary proceeding complaint, and it names the Wisemans, the Family Trust, Javea, Marc del Piero in his capacity as bankruptcy trustee, and other entities as defendants. *See* SAC at 1-2, ECF 3-11. As relevant to this appeal, the SAC lists the following counts against del Piero:

- Count 4, against "TRUSTEE/TRUST/CORP," seeks to resolve whether the Lighthouse Ave. property is property of the bankruptcy estate or a partnership asset under the revised agreement. *Id.* ¶¶ 41-43.
- Count 5, against all defendants, seeks to determine the validity, amount, and priority of the liens on the Lighthouse Ave. property. *See id.* ¶¶ 44-46.
- Count 8, against all defendants, seeks injunctive relief regarding the distribution of

proceeds from the sale of the Lighthouse Ave. property, any defendant's pursuit of rights to the Lighthouse Ave. property, and any other matters related to injunctive relief. *See id.* ¶¶ 53-54.

- Count 9, against all defendants, seeks declaratory relief. *See id.* ¶¶ 55-56. As to del Piero, Love specifically requests declaratory relief "the duties and limitations of TRUSTEE with respect to the property and the sale thereof, and any other matters related to LOVE and her interests . . . ." *Id.* ¶ 56.

The other counts do not involve del Piero and are not relevant to this appeal.

Shortly after Love filed the SAC, the Bankruptcy Court issued an order approving the sale of the Lighthouse Ave. property for $800,000. *See* Order Authorizing and Approving Sale, ECF 3-12. The net sales proceeds were paid to del Piero, who was ordered to hold them pending the outcome of the litigation to determine the right, title, and interest of the bankruptcy estate. *See id.* ¶¶ 12, 14-15. At the time, Love's lien attached to the net sales proceeds. *See id.* ¶ 14.

After the sale, del Piero filed a motion in the Wisemans' Chapter 7 bankruptcy proceeding to determine the secured status of Love's claim on the Lighthouse Ave. property. *See* Trustee's Mot. to Determine Secured Status, ECF 3-13. Love had filed a proof of claim, and she asserted a secured claim of $134,359.13 based on her lis pendens on the Lighthouse Ave. property. *See* Tentative Dec. re: Trustee's Mot. for Determination at 1-2, ECF 3-23 ("Tentative Dec."). Del Piero sought to have the Bankruptcy Court determine the validity of the lis pendens—if the lis pendens were invalid, then Love's state court judgment would not be a lien on the Lighthouse Ave. property, and would be a general unsecured claim. *See id.* at 2. Del Piero argued that the lis pendens was invalid because it had not been properly served before recordation as required by Cal. Civ. Proc. Code § 405.22, and service of the lis pendens never was recorded as required by Cal. Civ. Proc. Code § 405.23. *See id.* at 2-3. Love argued that she had properly served the lis pendens. *See id.*

The Bankruptcy Court issued a tentative decision on del Piero's motion and found that there was no admissible evidence supporting Love's assertions that she had properly served the lis pendens; that Love had not recorded proof of service; and that as a result, the lis pendens was

invalid and Love's claim on the Lighthouse Ave. property was unsecured. *See id.* at 4-6.

Love objected to the Tentative Decision. *See* Response to Tentative Decision, ECF 3-24. Her first objection was that the secured status of her claim could not be determined by motion, and had to be determined in an adversary proceeding. *See id.* at 2. Her second objection was that the lis pendens was only constructive notice of her claim to the Lighthouse Ave. property and was not itself a lien, and that any defects in the lis pendens had become moot after the property was sold. *See id.* at 3-4. Her third objection was to factual errors in the Tentative Decision. *See id.* at 4. Love also filed a declaration from Charles Kinney, her former attorney, stating that the lis pendens had been served on the Family Trust. *See* Kinney Decl., ECF 3-25.

The Bankruptcy Court agreed with Love's first objection and issued an order consolidating del Piero's motion into the Love's adversary proceeding. *See* Order re: Motion to Determine Secured Status, ECF 4-2. Del Piero renewed his motion and the Bankruptcy Court issued a memorandum decision addressing Love's second and third objections on Apr. 2, 2015. *See* Mem. Dec. re: Mot. to Determine Secured Status, ECF 4-12. On the second objection, the Bankruptcy Court held that even though the lis pendens was mooted by the sale of the Lighthouse Ave. property, the validity of the lis pendens still was relevant to determining whether Love's claim was secured. *See id.* at 3. This was because the only basis for Love's claim to an interest in the Lighthouse Ave. property was her claim that the revised partnership agreement provided for the sale of that property to her. *See id.* If the lis pendens had been validly recorded, it would have given notice to the world that Love asserted an interest in the Lighthouse Ave. property, and a judgment in Love's favor would make her claim relate back to the date the lis pendens was filed, and make her claim superior to del Piero's. *See id.* But because the lis pendens was not properly served and service was not recorded, the lis pendens was void and invalid, and Love's interest in the Lighthouse Ave. property could not relate back to the filing of the lis pendens. *See id.* The Bankruptcy Court issued a final order holding that Love's notice of lis pendens was void and invalid as a matter of law and that she did not have a secured claim in the bankruptcy case. *See*

4

Final Order Granting Trustee's Mot. to Determine Secured Status at 2.[2]

Del Piero also moved to dismiss counts 4, 5, 8, and 9 of the SAC for failure to state a claim. *See* Mot. to Dismiss, ECF 4-3. These counts were to determine the ownership and liens in the Lighthouse Ave. property, delay the distribution of proceeds from the sale of the property until the ownership and liens were determined, and obtain declaratory relief as to del Piero's duties and limitations regarding the property and the sale. *See* SAC ¶¶ 41-43, 44-46, 53-56, ECF 3-11. On Apr. 2, 2015, the Bankruptcy Court issued a memorandum decision holding that its ruling finding Love's lis pendens void and invalid against del Piero and her $134,359.13 claim unsecured mooted her claims regarding ownership and lien interests in the Lighthouse Ave. property. *See* Mem. Dec. re: Mot. to Dismiss at 2-4, ECF 4-13. The Bankruptcy Court dismissed counts 4, 5, and 8 as to del Piero, and also dismissed part (e) of count 9, which was the only part of count 9 directed at del Piero. *See* Order Granting Trustee's Mot. to Dismiss at 2, ECF 4-17. The dismissals were with prejudice, because the ruling on Love's claim made any amendment with respect to her ownership interest and lien rights in the Lighthouse Ave. property futile. *See* Mem. Dec. re: Mot. to Dismiss at 4, ECF 4-13.

Love moved for reconsideration of both the order deeming her claim unsecured and the order granting del Piero's motion to dismiss. *See* Mot. for Reconsideration, ECF 4-14. She submitted another declaration from Kinney, her former attorney, as newly discovered evidence. *See* Kinney Decl., ECF 4-14. The declaration was dated Apr. 15, 2015—thirteen days after the Bankruptcy Court issued its two memorandum decisions—and stated that the lis pendens had been recorded on Dec. 13, 2012. *See id.* ¶ 3. It included a proof of service showing that the lis pendens had been served on Apr. 15, 2015, on del Piero, his counsel, and the various defendants named in Love's SAC. *See id.* ¶ 7, pp. 10-11.

On June 5, 2015, while the motion for reconsideration was under submission, Love filed a request for judicial notice of an amended notice of lis pendens. *See* Request for Judicial Notice, ECF 4-21. The amended notice of lis pendens and proof of service were both recorded by the

---

[2] This order was not filed on ECF as part of the Bankruptcy Record on Appeal. In the Bankruptcy Court, it is Docket No. 72 in Adversary Proceeding No. 14-5044 (Apr. 21, 2015).

Monterey County Recorder on June 5, 2015. *See id.* at 4-11.

The Bankruptcy Court held that Kinney's declaration was not newly discovered evidence that would have made reconsideration appropriate; rather, it was newly created evidence that did not exist at the time the Bankruptcy Court heard del Piero's motion. *See* Order Denying Mot. for Reconsideration at 5, ECF 4-22. Furthermore, the key issue under Cal. Civ. Proc. Code § 405.23 was whether proof of service of the lis pendens was recorded when the lis pendens was originally filed, not whether the parties had later been served, and so the Kinney Declaration did not fix the defects invalidating the lis pendens. *See id.*

Love now appeals the Bankruptcy Court's orders to this Court.

## II. LEGAL STANDARD

A district court may "affirm, modify, or reverse a bankruptcy judge's judgment, order or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of witnesses." *Id.* This Court therefore reviews the bankruptcy court's findings of fact for clear error, and it reviews the Bankruptcy Court's conclusions of law *de novo*. *See In re Mortg. Store, Inc.*, 773 F.3d 990, 994 (9th Cir. 2014) (citing *In re Lazar*, 83 F.3d 306, 308 (9th Cir. 1996)). In reviewing an order or judgment of the Bankruptcy Court, the Court has the "power to consider any issue presented by the record even if the issue was not presented to the bankruptcy court." *In re Pizza of Haw., Inc.*, 761 F.2d 1374, 1379 (9th Cir. 1985). However, "[i]f the bankruptcy court's factual findings are silent or ambiguous as to a material factual question, the district court must remand the case to the bankruptcy court for the necessary factual determination; the district court may not make its own independent factual findings." *In re Hall, Bayoutree Assocs., Ltd.*, 939 F.2d 802, 804 (9th Cir. 1991) (citing *Wegner v. Grunewaldt*, 821 F.2d 1317, 1320 (8th Cir. 1987)).

## III. DISCUSSION

On appeal, Love lists 18 issues in her statement of issues. *See* Opening Brief at 4-7, ECF 13. Many of them overlap, most of them are not discussed in the argument portion of her brief,

and entirely new issues are raised in her reply brief. *See id.* at 15-20; Reply at 2-15, ECF 24. In the interests of brevity, the Court will list the issues below as it addresses them, rather than listing them here.

Del Piero, in contrast, believes that there are only five issues to be determined on appeal. *See* Answering Brief at 2, ECF 21. He addresses the issues raised by Love as follows: he argues that the Bankruptcy Court correctly determined that the lis pendens was void and invalid based on the express language of Cal. Civ. Proc. Code § 405.23. *See id.* at 7-9. On a closely related note, he argues that the Bankruptcy Court correctly held that Love's claim in the bankruptcy estate was unsecured because it was based on the lis pendens, and that no trial on this issue was necessary. *See id.* at 9-14. Del Piero then argues that the Bankruptcy Court may adjudicate claims in an adversary proceeding complaint on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See id.* at 15-16. His next argument is that the Bankruptcy Court properly denied Love's motion for reconsideration, because Love did not present new evidence in support of that motion. *See id.* at 16-18. His final arguments are that the orders Love is appealing did not adjudicate her claims against the Wisemans; that he had both standing and a duty to determine the secured status of Love's claim; that the Bankruptcy Court did not err in ignoring a state court order denying the Wisemans' motion to expunge the lis pendens; that his counsel's arguments were not frivolous; that the Bankruptcy Court properly looked to state law to determine the validity of the lis pendens; and that the only basis Love identified for her claim being secured was the lis pendens. *See id.* at 18-24.

The parties' disparate views on the issues to be determined leave the Court at somewhat of a loss for how best to consider their arguments. For the sake of thoroughness, the Court will first address the 18 issues listed in Love's statement of issues, grouped by their subject matter, then the issues presented in the argument portion of Love's brief, and then the issues presented in the reply. Because del Piero's arguments respond to Love's, this approach will ensure that both parties' positions are taken up by the Court.

**A. Issues 1, 4, 5, 17: Motion for Reconsideration**

Issue Nos. 1, 4, 5, and 17 relate to Love's motion for reconsideration. Issue No. 1 is

whether the Bankruptcy Court erred in its order on Love's motion for reconsideration.  *See* Opening Brief at 4, ECF 13.  This essentially is a challenge to the Bankruptcy Court's ruling on the invalidity of the lis pendens, because Love states that Cal. Civ. Proc. Code §§ 405.21 et seq. do not set deadlines for the lis pendens and argues that the Bankruptcy Court did not address either the amended notice of lis pendens filed on June 5, 2015 or its power to "modify, abrogate, avoid, discharge, or vacate" state-created orders and obligations.  *Id.*  Issue No. 4 repeats Issue No. 1 and asks whether Love's failure to record proof of service of the lis pendens was cured when she served and recorded the amended notice of lis pendens and proof of its service.  *See id.* at 4.  Issue No. 5 repeats both Nos. 1 and 4 and suggests that Cal. Civ. Proc. Code §§ 405.20, 405.22, 405.23, and 405.31 have no deadlines for filing, serving, or recording a lis pendens.  *See id.* at 5.  Issue No. 17 asks whether the Bankruptcy Court abused its discretion by ignoring the Kinney Declaration when denying the motion for reconsideration.  *See id.* at 6.

       The Bankruptcy Court did not err in denying Love's motion for reconsideration.  Cal. Civ. Proc. Code § 405.23 states that any notice of pendency of action "shall be void and invalid" unless it is served according to Cal. Civ. Proc. Code § 405.22 "and a proof of service in the form and content specified in Section 1013a has been recorded with the notice of pendency of action."  This requires the proof of service to be recorded "with the notice of pendency of action," and Love did not do that.  *See* Tentative Dec. at 4, ECF 3-23 ("Ms. Love essentially concedes that no proof of service was recorded with the Lis Pendens as required under Cal. Civ. Proc. Code § 405.23.").  Love tried to correct this deficiency three years after she first recorded the lis pendens by serving an amended notice of lis pendens on June 5, 2015, and recording both the amended notice and its proof of service.  However, that does not satisfy Section 405.23's requirement that the service of lis pendens be recorded "with" the notice of pendency of action, i.e. at the time that Love recorded her original lis pendens.  Whether the Bankruptcy Court has the power to "modify, abrogate, avoid, discharge, or vacate" state-created orders or obligations is irrelevant; the Bankruptcy Court does not have the power to invalidate the California Code of Civil Procedure and the recordation requirement in Section 40.23.

       The Bankruptcy Court also did not err by ignoring the Kinney Declaration filed with

8

Love's motion for reconsideration. On a motion for reconsideration, the Bankruptcy Court could consider newly discovered evidence; it could not consider newly created evidence. Furthermore, the Kinney Declaration merely listed the dates of the recordation of the original lis pendens; a state court order denying defendants' motion to expunge the lis pendens; and the state court judgment, and attached a proof of service of those papers. *See* Kinney Decl. at ¶¶ 3-7, ECF pp. 8-17, ECF 4-14. Love was aware of all of these dates and documents when she opposed del Piero's motions to determine the secured status of her claim and to dismiss, because these are documents from her state court lawsuit. As such, the contents of the declaration were not newly discovered documents.

### B. Issue Nos. 2, 7, 8, 9, 10, 11, 16: Unsecured Status of Love's Claim

Issue Nos. 2, 7, 8, 9, 10, 11, and 16 relate to the unsecured status of Love's claim. Issue Nos. 7, 8, and 9 also relate to the motion to dismiss. Issue No. 2 argues that the Bankruptcy Court erred in determining that Love's claim was disallowed as a secured claim based on state procedural issues as to the state lis pendens without an adversary trial or motion for summary judgment. *See* Opening Brief at 4, ECF 13. Issues No. 7, 8, and 9 states that the adversary proceeding claim under 11 U.S.C. §§ 523(a)(2), (4), and (6), respectively, was "a unique federal claim under the exclusive jurisdiction of the federal court, and not subject to a state-created procedure in state court," such that the Bankruptcy Court's orders determining the unsecured status of the claim and granting del Piero's motion to dismiss were an abuse of discretion. *See id.* at 5. Issue No. 10 argues that del Piero played favorites by filing a motion as to the interests of the unsecured creditors over the interests of the secured creditors, and the Bankruptcy Court abused its discretion in entertaining the motion. Issue No. 11 argues that del Piero lacked standing to move for a determination of the secured status of Love's claim and that the Bankruptcy Court abused its discretion in entertaining the motion. *See id.* at 6. Issue No. 16 argues that the Bankruptcy Court abused its discretion by failing to give full faith and credit to the 2013 state court order denying the Wisemans' motion to expunge the lis pendens but considering Love's failure to record proof of service for the lis pendens. *See id.*

The Bankruptcy Court did not err in determining that Love's claim was disallowed as a secured claim based on state procedural issues as to the state lis pendens without an adversary trial

or motion for summary judgment. First, the Bankruptcy Court consolidated del Piero's motion on the secured status of Love's claim with Love's adversary proceeding. *See* Order re: Motion to Determine Secured Status, ECF 4-2. Second, under B.L.R. 37001-(b), where the objection to a claim "involves only a matter of law, the matter may be argued at the initial hearing." In other words, issues that are purely matters of law, such as the secured status of Love's claim, may be resolved by motion practice rather than a trial or motion for summary judgment. *See also In re Lane*, 980 F.2d 601 (9th Cir. 1992) (bankruptcy court determined the secured status of a claim on motion and the Ninth Circuit affirmed the bankruptcy court's ruling).

As for Love's claims under 11 U.S.C. §§ 523(a)(2), (4), and (6), the Bankruptcy Court has not yet adjudicated them. Those claims are counts 1, 2, and 3 of the SAC and name only the Wisemans as defendants. *See* SAC ¶¶ 23-40, ECF 3-11. Love did not assert those claims against del Piero and the Bankruptcy Court's orders on del Piero's motions did not rule on those claims.

11 U.S.C. § 704(a)(5) requires a Chapter 7 bankruptcy trustee to "examine proofs of claims and object to the allowance of any claim that is improper." As such, del Piero had both standing and an obligation to move for a determination of the secured status of Love's claims. By making that motion, he did not unfairly "play favorites" with the interests of the secured and unsecured creditors.

Finally, the Bankruptcy Court did not abuse its discretion either by failing to give full faith and credit to the 2013 state court order denying the Wisemans' motion to expunge the lis pendens or by considering Love's failure to record proof of service of the lis pendens. The Bankruptcy Court considered the order denying expungement and noted that when the state court denied the motion for expungement, the issue of recordation of service of the lis pendens was not before that court. *See* Tentative Dec. at 5, ECF 3-23. The Bankruptcy Court also did not abuse its discretion by upholding Cal. Civ. Proc. Code § 405.23's requirement that proof of service of a lis pendens be recorded "with the notice of pendency of action."

### C. Issue No. 3: Motion to Dismiss

Issue No. 3 relates to the motion to dismiss and asks whether the Bankruptcy Court erred in granting del Piero's motion to dismiss based on state procedural issues with the state-created lis

10

pendens without an adversary proceeding trial or motion for summary judgment. *See* Opening Brief at 4, ECF 13. Fed. R. B. P. 7012(b) incorporates Fed. R. Civ. P. 12 in adversary proceedings. Under Fed. R. Civ. P. 12(b)(6), del Piero was permitted to move to dismiss the SAC for "failure to state a claim upon which relief can be granted." Because counts 4, 5, 8, and 9(e) of the SAC against del Piero depended on Love's claim being secured, it was proper for the Bankruptcy Court to dismiss those claims as to del Piero after finding that Love's claim was unsecured.

### D. Issue Nos. 6, 13, 14: Trial

Issue Nos. 6, 13, and 14 argue that the Bankruptcy Court abused its discretion by preventing an adversary proceeding trial. Issue No. 6 complains that the Bankruptcy Court denied a trial for the 11 U.S.C. § 523 claims without the benefit of trial testimony or cross-examination of witnesses. *See* Opening Brief at 5, ECF 13. Issue No. 13 argues that the Bankruptcy Court's ruling allowing the sale of the Lighthouse Ave. property and ordering del Piero to hold the net proceeds from the sale meant that the Bankruptcy Court abused its discretion by preventing an adversary proceeding trial. *See id.* at 6. Issue No. 14 argues that it was an abuse of discretion to prevent an adversary proceeding trial from occurring because the Bankruptcy Court previously had ruled that Love was entitled to an adversary proceeding trial. *See id.* at 6.

The Bankruptcy Court has not prevented an adversary trial on the 11 U.S.C. § 523 claims, as discussed above. In the orders that Love is appealing, the Bankruptcy Court has dismissed only counts 4, 5, 8, and 9(e) against del Piero, and did so purely on issues of law that it was entitled to adjudicate and dismiss by motion. To the extent that the Bankruptcy Court thus denied Love an adversary proceeding trial on those counts, it was wholly entitled to do so under B.L.R. 37001-(b); *In re Lane*, 980 F.2d 601 (9th Cir. 1992); Fed. R. B. P. 7012(b) and Fed. R. Civ. P. 12(b)(6), as discussed above.

### E. Issue Nos. 12, 15, 18: Miscellaneous

Issue Nos. 12, 15, and 18 address miscellaneous matters. Issue No. 12 suggests that a fraud has been perpetrated on the Bankruptcy Court because no adversary proceeding trial has occurred and the Wisemans allegedly obtained Love's money by fraud, a fiduciary capacity,

and/or willful and malicious injury. *See* Opening Brief at 6, ECF 13. Issue No. 15 suggests that the Bankruptcy Court abused its discretion by mentioning Kinney's status as a vexatious litigant. *See id.* Issue No. 18 argues that it was frivolous for del Piero's counsel to argue that filing an amended notice of lis pendens was prevented by the automatic stay, discharge injunction, or the extinguishing of the Wisemans' interest in the Lighthouse Ave. property. *See id.* at 7.

Love does not explain how any of these issues requires reversal or even affects the orders being appealed. Furthermore, no fraud has been perpetrated on the Bankruptcy Court; Love's counts against the Wisemans and all defendants other than del Piero are to be adjudicated in the adversary proceeding. The fact that trial has not yet occurred does not mean that a fraud has been perpetrated, and Love gives no reason why it might. As for Kinney's status as a vexatious litigant, the Bankruptcy Court did not mention it. It merely stated in a footnote that he no longer was eligible to practice law. *See* Order Denying Mot. for Reconsideration at 4 n.2, ECF 4-22. After reviewing that order, the Court finds that this biographical detail did not affect the Bankruptcy Court's reasoning on the motion for reconsideration. Finally, whether del Piero's counsel's argument was frivolous is not a proper basis for appeal, particularly since Love does not identify any part of the orders on appeal as addressing or being determined by that argument.

### F. Issues Raised in the Arguments of Love's Opening Brief

Love makes several arguments in the argument portion of her opening brief. Some address the issues raised in the statement of issues and others are wholly new. The Court will address them in the order Love presents them.

Love first argues that the Bankruptcy Court's decision prevents a trial as to Love's rights against the Wisemans. *See* Opening Brief at 15-16, ECF 13. This argument has been discussed above and is incorrect. The Bankruptcy Court did not adjudicate Love's claims against the Wisemans in the orders she appeals, and so it remains for the Bankruptcy Court to decide whether those claims will receive a trial.

Love's second argument is that the Bankruptcy Court ignored the state court's judgment against Javea. *See id.* at 16-17. She does not identify any part of the Bankruptcy Court's orders doing so. The orders did not ignore or fail to give credit to the judgment. Rather, they held that

the claim was unsecured.

Love's third argument is that her state court fraud claims were different from her federal claims, and so she cannot be precluded from pursuing federal claims against the Wisemans. *See id.* at 17. The Bankruptcy Court orders that Love is appealing prevent her from pursuing only her claims against del Piero, not the Wisemans.

Love's fourth argument is that she is entitled to this adversary proceeding against the Wisemans. *See id.* at 17-18. Nothing in the orders she appeals holds otherwise.

Love's fifth argument is that del Piero failed in his duties to determine the terms of contracts relating to the Lighthouse Ave. property and to determine the property of the estate. *See id.* at 18. There is no connection between these assertions and the orders that Love is appealing, and she provides no explanation as to how they warrant any of the relief she seeks on appeal. Furthermore, as discussed previously, del Piero was fulfilling his obligation as trustee by moving for a determination of the secured status of Love's claim.

Love's final argument is a contention that she is entitled to an adversary proceeding trial against Wiseman as to her secured claim. Love has not identified any error in the Bankruptcy Court's order holding her claim unsecured, however. And at any rate, the Bankruptcy Court has not yet determined whether a trial against the Wisemans is warranted or not, making this argument both irrelevant and premature.

### G. Issues Raised in Love's Reply Brief

Love's reply brief raises several new arguments and repeats some of her previous ones. The Court will address them in the order Love presents them.

Love first identifies issues that the Bankruptcy Court "never considered." Reply at 2-3, ECF 24. These issues are whether the Lighthouse Ave. property was property of the alleged partnership; that the partnership did not file for bankruptcy; the state court judgment against Javea; and Love's security interest via a written and oral agreement with "Wiseman et al." *Id.* These issues were not relevant to the motions presented to the Bankruptcy Court, and they remain irrelevant on appeal. Love did not assert any of these arguments as a basis for the secured status of her claim. *See* Proof of Claim at 1, ECF 3-5. The only basis she asserted in her proof of claim

was "Recorded lis pendens." *Id.*

Love next argues that her claim was secured for several reasons: the partnership, the lis pendens, and the state court judgment of $134,359.13. *See* Reply at 4-12, ECF 24. Love did not assert either the partnership or the judgment as a basis for the secured status of her claim in the proof of claim she filed with the Bankruptcy Court, however, and the lis pendens was void and invalid because she did not record proof of service with the notice of pendency of action.

Love then argues that federal bankruptcy law preempts state law procedures regarding filing, recording, and serving a lis pendens. *See id.* at 12-13. This is incorrect. It was proper for the Bankruptcy Court to look to state law governing the validity of a lis pendens when determining whether Love's lis pendens was valid. *See In re Lane*, 980 F.2d 601 (9th Cir. 1992).

Love's fourth set of arguments is that she is entitled to full faith and credit for the state court judgment of $134,359.13; the June 5, 2015 amended lis pendens; and the state court order denying Wiseman's motion to expunge the original lis pendens. *See* Reply at 13-14, ECF 24. The Bankruptcy Court has not denied the state court judgment; it merely has held that the claim in the amount of the judgment is unsecured. The amended lis pendens and the order denying the motion to expunge have been addressed above.

Love's last argument is that del Piero cannot make determinations as to any of the disputed facts giving rise to Love's claim and cannot assert the interests of the unsecured creditors. *See* reply at 14-15, ECF 24. This argument is specious: del Piero did not make determinations of fact regarding Love's claim in the orders issued by the Bankruptcy Court. Nor did the Bankruptcy Court, which ruled on del Piero's motions purely as matters of law. Nor has del Piero improperly asserted the interests of unsecured creditors; as previously discussed, he was acting in accordance with his obligation under 11 U.S.C. § 704(a)(5) when he moved for a determination of the secured status of Love's claim and moved to dismiss the counts against him.

## IV. ORDER

The orders of the Bankruptcy Court are AFFIRMED.

Dated: August 24, 2016

_____
BETH LABSON FREEMAN
United States District Judge